Case 3:24-cv-00363   Document 22   Filed on 04/08/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:24-cv-363

PAUL ERICKSON, THOMAS CLIFT, AND CRAIG NEUMAN, *Plaintiffs*,

v.

EXXON MOBIL CORPORATION, *Defendant*.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Before the court is the defendant's motion to transfer venue to Houston. Dkt. 11. The court will deny the motion.

I. **Background**

Exxon Mobil Corporation employs Paul Erickson, Thomas Clift, and Craig Neuman as pilots. Dkt. 1 §§ 37–39. When Exxon mandated COVID-19 vaccination for its employees in December 2021, Erickson, Clift, and Neuman applied for religious accommodations. *Id.* §§ 48, 61–62, 91–92, 111–12. All three continued working unvaccinated for six months without issue. *Id.* § 53. That August, Exxon granted their requested accommodations but restricted them to domestic flights. *Id.* §§ 54, 69–70, 99–100, 120. This

change affected their titles, performance reviews, and benefits until Exxon withdrew the vaccine mandate in November. *Id.* §§ 7–9, 31.

Two years later, after receiving right-to-sue notices from the EEOC, Erickson, Clift, and Neuman brought religious-discrimination and retaliation claims under Title VII against Exxon. *Id.* §§ 84, 107, 130, 179–227. ExxonMobil has moved to transfer venue to Houston under 28 U.S.C. § 1404. Dkt. 11.

## II.  Legal Standard

A district court "for the convenience of parties and witnesses" and "in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought." 28 U.S. § 1404(a). Courts weigh several public- and private-interest factors to determine whether a transfer under § 1404 is warranted. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). The private concerns include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.*

The public concerns include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at

home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

A "[p]laintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (citation omitted). For this reason, the movant bears the burden of showing transfer is necessary. *Id.* "Decisions to effect a [section] 1404 transfer are committed to the sound discretion of the transferring judge." *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

### III. Analysis

Exxon argues venue should lie in Houston for the convenience of the parties and witnesses, while the plaintiffs maintain their forum choice of Galveston is due deference. Dkts. 11, 18. But the parties agree, and the court concurs, that this suit could have been properly filed in Houston. Dkts. 11 at 11–12; 18 at 8 n.1; *see Hebert v. Wade*, No. 3:13-CV-00076, 2013 WL 5551037, at *3 (S.D. Tex. Oct. 7, 2013) ("The venue statute, 28 U.S.C. § 1391, is based on districts, not divisions. If venue is proper in Galveston, it is also proper in Houston."). Accordingly, the court will consider the private and public concerns in turn. *See Buc-ee's, Ltd. v. Bucks, Inc.*, 262 F. Supp. 3d 453,

462 (S.D. Tex. 2017) (stating the court balances the factors if it finds the case could have been originally filed in the transferee district).

### A. Private-Interest Factors

Exxon asserts two private-interest factors favor Houston—ease of access to proof and cost of witness attendance—and the remaining two are neutral. Dkt. 11 at 12–15. The plaintiffs concede the cost of witness attendance "*might* slightly" favor Houston and argue the remaining factors are neutral. Dkt. 18 at 8.

The access-to-proof factor "focuses on the location of the relevant documents and physical evidence relative to the transferee and transferor venues." *Qualls v. Prewett Enters., Inc.*, 594 F. Supp. 3d 813, 823 (S.D. Tex. 2022) (quotations and citation omitted). Exxon argues the physical evidence related to the plaintiffs' ongoing employment is at George Bush Intercontinental Airport ("IAH") or managed from Exxon's campus in Spring. Dkt. 11 at 12. Indeed, all the employment actions at issue took place in the Houston Division. *Id*. The plaintiffs emphasize all this evidence is digital, but "technological advancements neither lighten the weight of this factor nor render it 'superfluous.'" Dkt. 18 at 9–10; *Qualls*, 594 F. Supp. 3d at 823 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir.

2008) (*Volkswagen II*)). That files can be sent electronically does not preclude the location of the files weighing in favor of transfer. *Qualls*, 594 F. Supp. 3d at 823; *see also Sandbox Logistics LLC v. Grit Energy Sols. LLC*, No. 3:16-CV-12, 2016 WL 4400312, at *3 (S.D. Tex. Aug. 17, 2016) (electronically stored documentary evidence "does not negate the significance of having trial closer to where [the plaintiffs'] physical documents are located, because the critical inquiry is relative ease of access, not absolute ease of access") (cleaned up and citation omitted). Accordingly, the court finds the relative ease of access to proof favors Houston.

Next, the cost of attendance for willing witnesses. The court considers the convenience of party and non-party witnesses, although the latter is more important. *Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-CV-00341, 2018 WL 4938708, at *4 (S.D. Tex. Sept. 20, 2018), *report and recommendation adopted*, No. 3:17-CV-00341, 2018 WL 4931783 (S.D. Tex. Oct. 11, 2018). The Fifth Circuit gives substantial weight to this factor when witnesses must travel over 100 miles to attend trial. *Volkswagen I*, 371 F.3d at 204–05.

Exxon identifies four primary witnesses—Jean Claude Francois Jaubert, Charles Cone, Geoffrey Thomas Cirigliano, and Greg Tupper—who reside outside the Galveston Division. Dkt. 11 at 9. Jaubert is retired, and

Cone, Cirigliano, and Tupper are current Exxon employees. *Id*. Cone and Cirigliano live in Spring, only 75 miles from Galveston. *Id*.; *see Volkswagen I*, 371 F.3d at 204–05 (attaching greater importance to witnesses traveling more than 100 miles). Houston may be more convenient for them, but there are worse things than driving an extra hour—especially when your journey ends with the Galveston Bay "mirroring and magnifying the bright rays of the sun and clouds." *Hillestad*, 2018 WL 4938708, at *5 ("[A]ny inconvenience suffered in having to drive to Galveston may likely be offset by the peacefulness of the ride and the scenic beauty of the sunny isle." (citation omitted)).

Tupper and Jaubert, however, have a longer trek. Tupper is on assignment in India, and Jaubert splits his time between Brazil and Florida. Dkt. 11 at 9. Whether venue lies in Galveston or Houston, both must suffer the inconvenience of flying to Houston and traveling some distance by car to the courthouse. The court finds any difference in the burden of traveling to the Galveston courthouse or the Houston courthouse from abroad is negligible. *See, e.g.*, *Hillestad*, 2018 WL 4938708, at *5 (finding unpersuasive the argument that venue should be in Houston because that courthouse is closer to the defendants' preferred airport than Galveston);

*Vargas v. Seamar Divers Int'l, LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (finding difference in convenience negligible when witnesses resided over 100 miles from both parties' preferred venues). Moreover, parking at the Galveston courthouse is much easier than at Houston. And it's free.

Nor do the plaintiffs' residences tip the scale for Houston or Galveston. Erickson resides in League City, within the Galveston Division, and Clift and Neuman reside in Willis and Seabrook respectively, both in the Houston Division (though Seabrook is right on the line). Dkt. 1 §§ 37–39. Exxon makes much of the fact that only Erickson lives in the Galveston Division and that all three travel to IAH and Spring for work. Dkt. 11 at 14–15. But whether Houston is more convenient for the plaintiffs is not Exxon's concern; all three chose to litigate their claims on Galveston Island. Dkt. 1. The cost of witness attendance is neutral.

The court agrees with the parties that the remaining two factors—availability of compulsory process for witnesses and the catch-all for expeditious, inexpensive trials—are neutral. *See* Dkts. 11 at 15; 18 at 8. Accordingly, the private-interest factors marginally favor Houston.

## B. Public-Interest Factors

Exxon argues the administrative difficulties from court congestion favor Galveston and the local interest in having localized disputes resolved at home favors Houston. Dkt. 11 at 16–18. The plaintiffs respond that both factors favor Galveston. Dkt. 18 at 13–15. Everyone agrees the other two public concerns are neutral. Dkts. 11 at 16; 18 at 13.

The court-congestion factor asks "not whether transfer will reduce a court's congestion, but whether a trial may be speedier in another court because of its less crowded docket." *Qualls*, 594 F. Supp. at 825 (citation omitted). This court typically finds the administrative difficulties flowing from court congestion favor Galveston over Houston. *See, e.g.*, *Hillestad*, 2018 WL 4938708, at *7; *Fausto v. Parko Grp., LLC*, No. 3:18-CV-00323, 2019 WL 6686678, at *5 (S.D. Tex. Oct. 31, 2019), *report and recommendation adopted sub nom. Ojeda Fausto v. Parko Grp., LLC*, No. 3:18-CV-00323, 2019 WL 6683092 (S.D. Tex. Dec. 6, 2019) ("[T]he Galveston Division has far fewer civil and criminal cases than the Houston Division."). That is also true here.

Finally, the local-interests factor. The court considers whether the dispute has a closer "factual connection" with the transferee or transferor

venue. *Volkswagen I*, 371 F.3d at 206. "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Hillestad*, 2018 WL 4938708, at *8 (citation omitted). In employment cases, there is a local interest in having venue lie where the "operative facts surrounding [plaintiffs'] employment took place." *Qualls*, 594 F. Supp. 3d at 825–26 (considering where plaintiff was managed from and reported to, along with where payroll was processed and paid). The acts giving rise to this lawsuit occurred in the Houston Division—where the plaintiffs worked and their supervisors and human resources personnel made the challenged employment decisions. Dkt. 11 at 5, 16. This factor favors Houston. So the court finds one public-interest factor favors Galveston, one favors Houston, and the rest are neutral.

All in all, one private-interest factor favors Houston; one public-interest factor favors Galveston; another public-interest factor favors Houston; and the other five factors are wholly neutral. On the other end of the scale is the plaintiffs' "highly esteemed" privilege to choose venue. *Manning*, 366 F.2d at 698. Indeed, "[u]nless the balance of factors *strongly favors* the moving party, the [plaintiffs'] choice of forum generally should not be disturbed." *S & J Diving, Inc. v. Doo-Pie, Inc.*, No. CIV.A. H-02-0293,

2002 WL 1163627, at *4 (S.D. Tex. May 30, 2002) (citation omitted) (emphasis added). It can hardly be said the well-settled § 1404 analysis "strongly favors" venue in Houston here. *Id.* Because Exxon has not shown the "convenience of parties and witnesses" and the "interest of justice" warrant transfer to Houston, the court defers to the plaintiffs' chosen forum.

*   *   *

For the reasons above, the court denies the defendant's motion to transfer venue. Dkt. 11.

Signed on Galveston Island on this 8th day of April, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE